1  Rosemary M. Rivas (SBN 209147)
   E-mail address: rrivas@finkelsteinthompson.com
2  **LEVI & KORSINSKY LLP**
3  44 Montgomery Street, Suite 650
   San Francisco, California 94104
4  Telephone: (415) 291-2420

5
   Attorneys for Individual and Representative
6  Plaintiff Kevin Nygren and the
   Proposed Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN NYGREN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLIED MICRO CIRCUITS CORPORATION, CESAR CESARATTO, PAUL R. GRAY, FRED SHLAPAK, ROBERT F. SPROULL, DUSTON WILLIAMS, PARAMESH GOPI, and CHRISTOPHER ZEPF,<br><br>Defendants. | Case No. 3:16-cv-07400-VC<br><br>**AMENDED STIPULATION AND [PROPOSED] ORDER CONCERNING PLAINTIFF'S VOLUNTARY DISMISSAL OF THE ABOVE ACTION WITH PREJUDICE AS TO PLAINTIFF ONLY AND PLAINTIFF'S COUNSEL'S ANTICIPATED APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES**<br><br>Judge: Honorable Vince Chhabria<br>Courtroom: 4 – 17th Floor |

WHEREAS, on November 21, 2016, Applied Micro Circuits Corporation ("Applied Micro" or the "Company") and MACOM Technology Solutions Holdings, Inc. ("MACOM") announced that they had entered into an Agreement and Plan of Merger and Reorganization, dated as of November 21, 2016 (the "Merger Agreement"), among Applied Micro, MACOM, MACOM's wholly-owned subsidiary Montana Merger Sub I, Inc. ("Purchaser") and MACOM's wholly-owned subsidiary MACOM Connectivity Solutions, LLC (f/k/a Montana Merger Sub II, LLC) ("Merger Sub Two"), pursuant to which Purchaser would commence an exchange offer to acquire all of the outstanding shares of Applied Micro in exchange for $3.25 in cash and 0.1089 shares of MACOM common stock per share of Applied Micro common stock (the "Offer"), and following the consummation of the Offer, Purchaser would merge with and into the Company (the "First Merger"), with the Company surviving the First Merger as a wholly-owned subsidiary of MACOM, and immediately following the First Merger, the Company, as the surviving company of the First Merger, would merge with and into Merger Sub Two (the "Second Merger"), with Merger Sub Two surviving the Second Merger as a wholly-owned subsidiary of MACOM (the "Proposed Transaction");

WHEREAS, on December 23, 2016, MACOM, through Purchaser, commenced the Offer. In connection with the commencement of the Offer, on December 21, 2016, the Company filed a Solicitation/Recommendation Statement on Schedule 14D-9 (together with any subsequent amendments and supplements thereto, the "Recommendation Statement") with the U.S. Securities and Exchange Commission (the "SEC"). Among other things, the Recommendation Statement (i) summarized the Merger Agreement, (ii) provided an account of the events leading up to the execution of the Merger Agreement, (iii) stated that Applied Micro's board of directors had determined that the terms of the Merger Agreement and the transactions contemplated by the Merger Agreement were fair to and in the best interests of Applied Micro and Applied Micro's stockholders and unanimously recommended that

Applied Micro's stockholders accept the Offer and tender their shares in the Offer, and (iv) summarized the valuation analyses and fairness opinion of each of Morgan Stanley & Co. LLC ("Morgan Stanley") and Needham & Company ("Needham"), the financial advisors to Applied Micro's board of directors and the Company;

WHEREAS, on December 29, 2016, plaintiff Kevin Nygren ("Plaintiff") filed a purported class action lawsuit in the District Court for the Northern District of California, on behalf of himself and other public stockholders of Applied Micro, challenging the adequacy of the disclosures made in the Recommendation Statement, captioned: *Nygren v. Applied Micro Circuits Corporation, et al.*, Case No. 3:16-cv-07400 (the "Nygren Action");

WHEREAS, this lawsuit alleged, among other things, that Defendants Applied Micro, Cesar Cesaratto, Paul R. Gray, Fred Shlapak, Robert F. Sproull, Duston Williams, Paramesh Gopi, and Christopher Zepf (collectively, the "Defendants") committed disclosure violations under Sections 14(d)(4), 14(e) and 20(a) of the Securities and Exchange Act of 1934 (the "Exchange Act"), and Rule 14d-9 promulgated thereunder;

WHEREAS, on January 9, 2017, Plaintiff filed a Notice of Ex Parte Motion and Ex Parte Motion for a Temporary Restraining Order enjoining the closing of the tender offer until Defendants cured the alleged disclosure violations;

WHEREAS, on January 11, 2017, the Court entered an order directing Defendants to file a response to Plaintiff's Ex Parte Motion by January 16, 2017,

WHEREAS, on January 13, 2017, the Court entered an order extending Defendants' deadline to file a response to January 17, 2017;

WHEREAS, on January 17, 2017, Applied Micro filed an amendment to the Recommendation Statement on Schedule 14D-9/A with the SEC, disclosing additional information to shareholders (the "Supplemental Disclosure");

WHEREAS, Plaintiff believes that the information contained in the Supplemental Disclosures addresses the alleged omissions set forth in his complaint;

WHEREAS, on January 17, 2017, Plaintiff withdrew his Ex Parte Motion for a Temporary Restraining Order;

WHEREAS, Plaintiff has concluded that, as a result of the filing of the Supplemental Disclosures, the claims related to the Proposed Transaction identified in the complaint have become moot; and

WHEREAS, on January 26, 2017, MACOM completed its acquisition of Applied Micro, and the Proposed Transaction was consummated;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the respective parties:

1. Plaintiff hereby agrees to voluntarily dismiss this Action with prejudice as to himself only, and without prejudice as to all other members of the putative class;

2. Plaintiff asserts that the prosecution of the Action caused Defendants to reveal new, material information in the Supplemental Disclosures, and intends to file a motion seeking an attorneys' fee and expense award in connection with the common benefit provided to Applied Micro's stockholders as a result of the filing of the Supplemental Disclosures;

3. Defendants deny that the information contained in the Supplemental Disclosures constitutes information material to a shareholder's evaluation of the Proposed Transaction or understanding of the Recommendation Statement;

4. Defendants reserve the right to oppose Plaintiff's anticipated petition for an award of attorneys' fees and expenses;

4. This Court retains continuing jurisdiction over the parties in this Action solely for purposes of further proceedings related to the adjudication of Plaintiff's anticipated application for an award of attorneys' fees and expenses.

5. Plaintiff shall file his petition for an award of attorneys' fees and expenses by no later than April 14, 2017.

DATED: March 7, 2017            **LEVI & KORSINSKY LLP**

                                         By: /s/ *Rosemary M. Rivas*
                                                   Rosemary M. Rivas

                                        *Counsel for Plaintiff*

DATED: March 7, 2017            **ROPES & GRAY LLP**

                                         By: /s/ *Richard L. Gallagher*
                                                   Richard L. Gallagher, Jr.

                                        *Counsel for Defendants*

<u>FILER'S ATTESTATION</u>

Pursuant to Civil Local Rule 5-1 regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from all signatories.

                                        /s/ *Rosemary M. Rivas*
                                        Rosemary M. Rivas

# [PROPOSED] ORDER

Based on the foregoing stipulation and good cause being shown, the Court hereby GRANTS the parties' Stipulation. The Court hereby orders as follows:

1. The Action is hereby dismissed with prejudice as to Plaintiff only, and without prejudice as to any other member of the putative class.

2. This Court retains continuing jurisdiction over the parties in the Action solely for purposes of further proceedings related to the adjudication of Plaintiff's anticipated application for an award of attorneys' fees and expenses.

3. Plaintiff shall file his petition for an award of attorneys' fees and expenses by no later than April 14, 2017.

**IT IS SO ORDERED.**

Date:_____                     _____
                                       HON. VINCE CHHABRIA
                                       United States District Court Judge